UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EYE KEYLA M. CARRUTHERS
WASHINGTON a/k/a ANTWAN M.
CARRUTHERS,

          Plaintiff,

      v.                                                                    CAUSE NO. 3:22-CV-618-DRL-MGG

ST. JOSEPH COUNTY JAIL *et al.*,

          Defendants.

<u>OPINION AND ORDER</u>

Eye Keyla M. Carruthers Washington a/k/a Antwan M. Carruthers, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against the St. Joseph County Jail, St. Joseph County Clerk, and St. Joseph County Courthouse. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Ms. Washington alleges that the defendants violated her constitutional rights because the bond payments she made in her criminal misdemeanor cases have not been returned to her. ECF 1 at 2-4; ECF 1-1 at 1-4. In this regard, she asserts the correct amount

of the bonds has not been released because the criminal misdemeanor clerks made errors in an effort to renege on a promise to release the bonds. ECF 1 at 3. Ms. Washington asks the court to order the St. Joseph County Clerk to release her bond payments. *Id*.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that "(1) that defendants deprived [her] of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Upon review, the complaint does not contain any viable constitutional claim against the St. Joseph County Clerk. Furthermore, even if Ms. Washington's complaint did allege a constitutional violation, her claim against the St. Joseph County Clerk would be barred by the doctrine of quasi-judicial immunity. *Miller v. Asbach*, No. 05C0828, 2006 WL 2527630, at *2 (E.D. Wis. Aug. 30, 2006). Clerks of court, trustees, and government attorneys are immune from suit when "performing functions intimately entwined with the judicial process." *Id*. (citing *Maus v. U.S. Bankr.Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir.1987) (court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process). Thus, Ms. Washington cannot proceed against the St. Joseph County Clerk.

Furthermore, under 42 U.S.C. § 1983, Ms. Washington cannot proceed against the St. Joseph County Jail and St. Joseph County Courthouse because they are buildings and not suable entities. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

August 17, 2022                               s/ Damon R. Leichty
                                              Judge, United States District Court